IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No. 2:23-cr-20191-MSN-cgc

DEMETRIUS HALEY,

    Defendant.

---

**ORDER DENYING DEFENDANT HALEY'S MOTION FOR BOND REVIEW AND
RELEASE PENDING SENTENCING**

---

Before the Court is Defendant Haley's Motion for Bond Review and Release Pending Sentencing, filed October 10, 2024. (ECF No. 658; *see also* ECF No. 666.) Mr. Haley seeks review of the Magistrate Judge revoking bond and ordering his detention pending sentencing. (Hr'g Tr., ECF No. 659 at PageID 10644.) The Court construes Mr. Haley's Motion as a motion for revocation of the Magistrate Judge's detention order pursuant to 18 U.S.C. § 3145(b). The Government responded in opposition on October 24, 2024. (ECF No. 681.) Mr. Haley replied on October 29, 2024. (ECF No. 687.) For the reasons stated below, Mr. Haley's Motion is **DENIED**.

## BACKGROUND

Mr. Haley is a former Memphis Police detective charged with four separate counts in connection with the beating death of Tyre Nichols. (Indictment, ECF No. 1 at PageID 1–3.) Count One of the Indictment charged that Mr. Haley, while acting under color of state law as a detective with the Memphis Police Department and while aiding and abetting his co-defendants, "willfully deprived Tyre Nichols of the right, secured and protected by the Constitution and laws of the

United States, to be free from an unreasonable seizure, which includes the right to be free from the use of unreasonable force by a police officer." (*Id.* at PageID 2.) Specifically, Count One charged that Mr. Haley, along with his co-defendants, "unlawfully assaulted Nichols and willfully failed to intervene in the unlawful assault . . . [t]his offense resulted in bodily injury to, and the death of, Tyre Nichols." (*Id.* at PageID 2.) Count Two charged that Mr. Haley, while acting under color of law and aiding and abetting his co-defendants, "willfully deprived Tyre Nichols of the right, secured and protected by the Constitution and laws of the United States, not to be deprived of liberty without due process of law, which includes the right of an arrestee to be free from a police officer's deliberate indifference to his serious medical needs." (*Id.* at PageID 2–3.) Specifically, Count Two charged that Mr. Haley, along with his co-defendants, "knew that Nichols, an arrestee in police custody, had a serious medical need and the defendants willfully disregarded that medical need by failing to render medical aid and by failing to advise the MPD dispatcher and emergency medical personnel of the circumstances surrounding Nichols's serious medical need, including that Nichols had been struck repeatedly." (*Id.* at PageID 3.) The Government charged that the offense under Count Two "resulted in bodily injury to, and the death of, Tyre Nichols." (*Id.*)

Jury Instruction No. 18 charged that, as to Count One and Two, the jury must find the following elements beyond a reasonable doubt.

| | |
|---|---|
| First. | That the defendant acted under color of law; |
| Second. | That the defendant deprived Tyre Nichols of a right secured by the Constitution or laws of the United States; for Count One, the right involved is the right to be free from the unreasonable use of force by a police officer; for Count Two, the right involved is the right to be free from a police officer's deliberate indifference to his serious medical need; |
| Third. | That the defendant acted willfully; |
| Fourth. | That bodily injury resulted from the offense; and |

      Fifth.        That death resulted from the offense.[1]

(Jury Instr. No. 18, ECF No. 630 at PageID 9549.) Jury Instruction No. 20 charged that the jury may find that Mr. Haley deprived Mr. Nichols of his rights under Count One in one of two ways: either "that a defendant personally used unreasonable force against Tyre Nichols" or "that a defendant knowingly failed to prevent another officer from using unreasonable force." (*Id.* at PageID 9552–53.) Jury Instruction No. 21 charged the jury "that the government must prove with respect to Counts One and Two [that] each defendant acted willfully . . . [a] person acts willfully if he acts voluntarily and intentionally." (Jury Instr. No. 21, ECF No. 630 at PageID 9557.) For Count One, the jury was charged that "you may find that a defendant acted willfully if he used force knowing that the force he used was more than what a reasonable officer would have used under the circumstances." (*Id.* at PageID 9558.) With respect to failure to intervene under Count One, the jury was charged, "[Y]ou may find that a defendant acted willfully if he voluntarily and intentionally failed to intervene to protect Mr. Nichols from force he knew was unreasonable, even though he knew he had the opportunity and duty to intervene." (*Id.*)

      Following a 19-day trial, a jury convicted Mr. Haley of two counts of deprivation of civil rights resulting in bodily injury in violation of 18 U.S.C. § 242; one count of conspiracy to obstruct justice in violation of 18 U.S.C. § 1512(k); and one count of obstruction of justice in violation of 18 U.S.C. § 1512(b)(3). (ECF No. 627 at PageID 9513–15.) After the verdict was read on October 3, 2024, this Court remanded Mr. Haley and his co-defendants into custody. (ECF No. 633.) Mr.

---

[1] Jury Instruction No. 18 provided a lesser-included instruction: "If you find a defendant not guilty of deprivation of rights resulting in death, then you must go on to consider whether the government has proved the lesser charge of deprivation of rights resulting in bodily injury." (Jury Instr. No. 18, ECF No. 630 at PageID 9550.)

Haley moved for release pending sentencing and requested that a detention hearing be set for the following Monday, October 7, 2024. (ECF No. 639). The Court obliged, and the matter was referred to Magistrate Judge Claxton for hearing. (ECF No. 649.) The Government opposed Mr. Haley's release. (ECF No. 648.) Following briefing and arguments, Judge Claxton ordered Mr. Haley to remain in custody pending sentencing pursuant to 18 U.S.C. § 3143(a)(2), otherwise known as the mandatory detention clause of the Bail Reform Act. (Hr'g Tr., ECF No. 659 at PageID 10644–51.) Argument below centered on two issues. First, Mr. Haley disputed the continuing constitutional validity of the residual clause of § 3156(a)(4)(B) of the Bail Reform Act in light of the Supreme Court's 2019 decision in *United States v. Davis*. (ECF No. 639 at PageID 9612.) Second, Mr. Haley argued that under the modified categorical approach, § 242 convictions of this kind were not crimes of violence under the elements clause of § 3156(a)(4)(A), a provision which defines "crime of violence" for the purposes of the Bail Reform Act. (*Id.*)

Judge Claxton found Mr. Haley's arguments unpersuasive and held that his § 242 convictions were crimes of violence under the residual clause of § 3156(a)(4)(B), which provides that "a 'crime of violence' means . . . any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 3156(a)(4)(B). Mr. Haley moved to reset the hearing to the following day to allow more time for research, but Judge Claxton declined, stating that any contrary arguments could be fully briefed in Mr. Haley's appeal to this Court. (Hr'g Tr., ECF No. 659 at PageID 10649.) In his initial motion, Mr. Haley pointed to his compliance with pretrial release conditions, ties to the community, family support, and a substantial bond posed in his pending state murder case to meet his burden of showing by clear and convincing evidence that he poses no flight risk or danger to the community. (ECF No. 639 at

PageID 9612.) Judge Claxton permitted Mr. Haley to submit a record of his state bond amount as evidence that he is not a flight risk, but Mr. Haley offered no other evidence at the detention hearing with respect to his risk of flight or danger to the community. (Hr'g Tr., ECF No. 659 at PageID 10650.) Mr. Haley has now filed a motion for revocation of Judge Claxton's detention. (ECF Nos. 659, 666.)

## LEGAL STANDARD

"If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). District courts review *de novo* a magistrate judge's detention order. *See United States v. Jamison*, No. 06-cr-20412-2, 2020 WL 2776508 at *1, *2 (W.D. Tenn. May 28, 2020); *see also United States v. Yamini*, 91 F.Supp.2d 1125, 1130 (S.D. Ohio 2000) (collecting cases and detailing legislative history on section 3145).

Section 3143(a) of the Bail Reform Act governs the release or detention of defendants who are awaiting sentencing. 18 U.S.C. § 3143(a). The statute provides that all persons "found guilty of an offense must be detained unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the community." *Id*. § 3143(a)(1) (cleaned up). But if a person is convicted of a crime of violence, then that person is subject to detention unless one of two additional conditions are met: either the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted, or the Government has recommended no imprisonment be imposed. *Id*. § 3143(a)(2). Under this statutory scheme, the Government is not required to make an initial showing of dangerousness or risk of flight; rather, the presumption shifts to the defendant to show he can overcome the presumption of dangerousness and risk of flight imposed by his conviction through clear and convincing evidence.

*United States v. Williams*, No. 20-1413, 2020 WL 4000854, at *1 (6th Cir. July 15, 2020) (quoting *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988)). Put simply, once the defendant is convicted, bail is disfavored, and the burden rests with the defendant to offer clear and convincing proof that he should be released. *Vance*, 851 F.2d. at 168, 170.

**DISCUSSION**

Distilled to its essence, Mr. Haley's appeal raises three potential questions: (1) whether the residual clause of § 3156(a)(4)(B) is unconstitutional; (2) whether a violation of 18 U.S.C. § 242 that results only in bodily injury and does not include the use or attempted use of a dangerous weapon is a crime of violence under either the so-called elements clause of § 3156(a)(4)(A) or the residual clause of subsection (a)(4)(B); and (3) whether Mr. Haley has met his burden to prove by clear and convincing evidence that he is an unlikely flight risk and poses no danger to the community. In the proceeding below, Judge Claxton based her ruling on the provision at issue in the first question; Mr. Haley focused heavily on the second question; and the Government focused its opposition on the third question. Importantly, the first two questions involve issues that have not been addressed by the Sixth Circuit in the context of the Bail Reform Act.

**A.   The Continuing Validity of the Residual Clause of the Bail Reform Act.**

Before analyzing these questions, it is important to note that the issue before the Court is narrow: whether this defendant should be detained pending sentencing. The Court is not defining a predicate offense or determining whether a sentencing enhancement applies; rather, the Court is evaluating whether detention is appropriate for this defendant during the period between conviction and sentencing under the Bail Reform Act. To this end, the Court declines to find the residual clause of the "crime of violence" definition under the Bail Reform Act to be unconstitutionally vague. Unlike statutes that define crimes or fix sentences, the Bail Reform Act

serves a distinct function—it guides judicial determinations about pretrial detention and detention pending sentencing or appeal. This distinction is crucial because the Bail Reform Act does not implicate the same due process concerns about notice and arbitrary enforcement that animated the decisions raised by Mr. Haley and discussed below. In this context, the Bail Reform Act applies after conviction, when the presumption of innocence has been replaced by a jury's finding of guilt beyond a reasonable doubt. Once a person has been convicted, bail is disfavored, and that person is presumed, by statute, to be a danger to the community and a flight risk.

Mr. Haley argues that his § 242 convictions were not crimes of violence; therefore, § 3143(a)(1), rather than subsection (a)(2), should control. (ECF No. 639 at PageID 9611; ECF No. 658 at PageID 10635–37.) Under the (a)(1) standard, Mr. Haley should be entitled to release pending sentencing if he establishes by clear and convincing evidence that he is unlikely to flee or pose a danger to the community. By contrast, if one or more of Mr. Haley's convictions qualify under the crime of violence definition, subsection (a)(2) would control, and Mr. Haley would face additional hurdles to his release. Under the mandatory detention provision of the Bail Reform Act, if a person is convicted of a crime of violence, then that person is subject to detention unless one of two additional conditions are met: either the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted, or the Government has recommended no imprisonment be imposed. 18 U.S.C. § 3143(a)(2). Even if one of these conditions are met, Mr. Haley would still need to show by clear and convincing evidence that he is not likely to flee or pose a danger to the community. 18 U.S.C. § 3143(a)(2)(B).

Judge Claxton found that Mr. Haley's convictions for deprivation of civil rights under color of law were, in fact, "crimes of violence," as that phrase is defined within the Bail Reform Act. She correctly relied upon § 3156(a)(4) to define "crime of violence." That subsection provides:

7

The term "crime of violence" means—

(a) an offense that has as an element of the offense, the use, attempted use, or threatened use of physical force against the person or property of another;

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or

(c) any felony under chapter 77, 109A, 110, or 117.

18 U.S.C. § 3156(a)(4). Using this definition, Judge Claxton found that Mr. Haley's convictions were crimes of violence under the so-called residual clause of subsection (a)(4)(B). (ECF No. 659 at PageID 10649.) During the detention hearing, Judge Claxton sought input from both Mr. Haley and the Government as to why these convictions should not be considered crimes of violence under the residual clause. (Hr'g Tr., ECF No. 659 at PageID 10645–48.) The parties agreed that whether convictions under § 242 qualify as crimes of violence for the purposes of the Bail Reform Act is an open question within the Sixth Circuit. (*Id.* at PageID 10648).

In his initial briefing before Judge Claxton, Mr. Haley took the position that the residual clause of § 3156(a)(4)(B) of the Bail Reform Act is unconstitutionally vague. (ECF No. 639 at PageID 9612.) In his reply brief to this Court, Mr. Haley concedes that neither the Sixth Circuit nor the Supreme Court have addressed the constitutionality of the residual clause in the context of the Bail Reform Act. (ECF No. 687 at PageID 13095.) He relies on the Supreme Court's decisions in other statutory contexts to support his argument that the residual clause at issue here is unconstitutional. *See United States v. Davis*, 588 U.S. 445, 448 (2019) (holding the residual clause of 18 U.S.C. § 924(c) to be unconstitutionally vague); *Begay v. United States*, 553 U.S. 137 (2008) (limiting the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii)—the Armed Career Criminal Act—to crimes that involve purposeful, violent, and aggressive conduct) (abrogated by *Johnson v. United States*, 576 U.S. 591, 597 (2015)).

For its part, the Government argues that the residual clause of § 3156(a)(4)(B) remains valid under the Bail Reform Act because it does not implicate the Due Process Clause in the same way that other statutory schemes do. The Government acknowledges that the Supreme Court has held similar residual clauses unconstitutionally vague in certain statutes. *See Davis*, 588 U.S. at 448 (holding the residual clause of 18 U.S.C. § 924(c) to be unconstitutionally vague); *Sessions v. Dimaya*, 584 U.S. 148, 174 (2018) (holding the same for the residual clause of 18 U.S.C. § 16(b)); *Johnson v. United States*, 576 U.S. 591, 597 (2015) (holding the same for the residual clause of the Armed Career Criminal Act). But the Government argues that the statutes addressed in those cases are distinguishable from the Bail Reform Act because the Bail Reform Act does not define an offense for which a defendant may be charged (as in *Davis*) or fix a mandatory minimum sentence (as in *Johnson*). To support their position, the Government points to *Beckles v. United States*, where the Supreme Court held that the Sentencing Guidelines now-defunct residual clause remained valid after *Johnson* because the Sentencing Guidelines were merely advisory and thus "not subject to a vagueness challenge under the Due Process Clause." ECF No. 681 at PageID 13021–22; 580 U.S. 256, 263 (2017). The Government further points to a Second Circuit case, *United States v. Watkins*, which extended the reasoning of *Beckles* to the residual clause of the Bail Reform Act. 940 F.3d 152, 167 (2d Cir. 2019). In the Government's view, *Beckles* and *Watkins* suggest that the Bail Reform Act does not raise the same due process concerns—namely, providing notice and preventing arbitrary enforcement—because district courts "still retain discretion to determine whether the defendant has shown by clear and convincing evidence that he poses no flight risk or danger to the community." (ECF No. 681 at PageID 13031.)

Here, the Court declines any invitation to find the residual clause of § 3156(a)(4)(B) unconstitutionally vague as that clause is applied in the context of detention pending sentencing

9

under 18 U.S.C. § 3143(a). There is precious little guidance from higher courts regarding the continuing validity of the residual clause of the Bail Reform Act following *Johnson*, *Dimaya*, and *Davis*. The Court has found no case, nor have the parties cited one, squarely addressing this question. Certainly, *Beckles* and *Watkins*, as cited by the Government, raise some questions about whether continued reliance on the residual clause, as used in the Bail Reform Act, raises the same due process concerns as the residual clause of the statutes discussed in *Johnson*, *Dimaya*, and *Davis*. Indeed, nothing in the Bail Reform Act prescribes mandatory minimum sentences (as in *Johnson*) or defines elements of a crime for which a defendant may be charged (as in *Davis*).

On the other hand, *Beckles* and *Watkins* are not as helpful as the Government would like them to be. For example, *Beckles* turns, at least in part, on the advisory nature of the Sentencing Guidelines. 580 U.S. at 265. Yet the provisions of the Bail Reform Act are clearly not advisory. *Watkins* extends the reasoning of *Beckles* to the Bail Reform Act but cabins its holding to the court's determination of whether the government is entitled to a pretrial detention hearing under § 3142. 940 F.3d at 160. In contrast, the provision at issue here, namely § 3143(a), provides a framework for district courts to determine whether mandatory detention applies following conviction or plea but before the imposition of sentence. Thus, it cannot be said, as the Government argues, that *Beckles* and *Watkins* are dispositive of the void-for-vagueness question. The mandatory detention provision of § 3143(a)(2) is clearly not discretionary. Nor can it be said that those two cases are inapposite, for they clearly stand for the proposition that void-for-vagueness concerns are triggered only when the context in which the clause is applied fairly raises due process concerns. Whether those concerns are triggered in the context of the Bail Reform Act is a question better left to the wisdom of higher courts.

Accordingly, the Court declines to hold that § 3156(a)(4)(B) is unconstitutionally vague. The Supreme Court has stated that "[t]he degree of vagueness that the Constitution [allows] depends in part on the nature of the enactment." *Dimaya*, 584 U.S. at 156 (quoting *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498–99 (1982); *see also Beckles*, 580 U.S. at 271 ("[t]hat something is vague as a general matter, however, does not necessarily mean that it is vague within the well-established legal meaning of that term . . . [t]he existing principles for defining vagueness cannot be transported uncritically to the realm of judicial discretion in sentencing") (Kennedy, J concurring). Whether mandatory detention pending sentencing under the Bail Reform Act gives rise to the same level of vagueness concerns as the "grave nature of deportation" in *Dimaya* or the mandatory minimums of *Johnson* or in defining the elements of § 924(c) in *Davis* is, in the Court's view, a close call primarily because of the nature of presentencing detention. Here, the statute presumes detention, and bail is disfavored regardless of whether the person stands convicted of a crime of violence. The mandatory detention provision, § 3143(a)(2), does nothing more than add two conditions, albeit conditions that are outside of the defendant's control, to the already existing burden under subsection (a)(1). Under either provision, the burden is on the defendant to show by clear and convincing evidence that (1) he is unlikely to flee and (2) poses no danger to the community. *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988).

Because the Court finds that the residual clause of the Bail Reform Act is not unconstitutionally vague, the Court must now determine whether Mr. Haley's conviction under Count One "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 3156(a)(4)(B). The Court has no trouble answering this question in the affirmative. Mr. Haley was convicted of violating 18 U.S.C. § 242, which provides that depriving a person of a right

11

guaranteed by the Constitution or laws of the United States while acting under color of state law is a felony and is punishable by up to ten years imprisonment if the deprivation results in bodily injury. Here, the constitutional right at issue was Mr. Nichols's right to be free from a police officer's use of unreasonable force under the Fourth Amendment, and the jury explicitly found Mr. Haley's actions to have resulted in bodily injury. In the generic § 242 case involving excessive force, there is unquestionably a substantial risk that physical force will be used against the person of another because using force is a necessary element of the crime.² But even if the Court were to

---

² The elements clause is, of course, a separate way of defining a crime of violence under the Bail Reform Act. In the Court's view, a generic excessive force conviction under § 242 would fall under the elements clause of the "crime of violence" definition as provided in 18 U.S.C. § 3156(a)(4)(A). But the Court acknowledges that other courts have reached different conclusions. *See United States v. Brown*, No. 9:17-cr-80102, 2018 WL 582536, at *1, *5–*6 (S.D. Fla. Jan. 25, 2018.) The question is whether the generic offense with which Mr. Haley was convicted has "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 3156(a)(4)(A).

The Court finds that it does. The indictment charges Mr. Haley with "willfully depriving Tyre Nichols of the right, secured and protected by the Constitution and laws of the United States, to be free from an unreasonable seizure, which includes the right to be free from the use of unreasonable force by a police officer." (*Id.* at PageID 2.) The jury instructions charged that the jury must find that Mr. Haley deprived Mr. Nichols of his constitutionally protected right to be free from the unreasonable use of force by a police officer. (Jury Instr. No. 18, ECF No. 630 at PageID 9549.) Jury Instruction No. 20 charged the jury that they may find that Mr. Haley deprived Mr. Nichols of his rights under Count One in one of two ways: either "that a defendant personally used unreasonable force against Tyre Nichols," or "that a defendant knowingly failed to prevent another officer from using unreasonable force." (*Id.* at PageID 9552–53.) These documents show that the generic offense for which Mr. Haley was charged and convicted included as an element of the offense the deprivation of a right to be free from unreasonable use of force by a police officer. To satisfy this element, force must be used, and that force must be unreasonable.

Furthermore, it is well-established that the Government cannot bring a § 242 charge without identifying the specific right of which the victim was allegedly deprived. Under Count One, the alleged deprivation involved Mr. Nichols's right to be free from the unreasonable use of force by a police officer. Thus, the use of unreasonable force is an essential element of a § 242 charge that alleges this type of deprivation. Convictions under § 242 encompass a wide-range of potential constitutional violations, each with its own unique analysis. To say that all felony
(continued...)

draw a broader line at all Fourth Amendment claims under § 242 (including, for example, unreasonable searches), the Court still finds that such crimes, "by their nature, involve a substantial risk that physical force against the person . . . of another will be used in the course of committing the offense." For these reasons, the Court holds that Mr. Haley's conviction under Count I is, for the purposes of the Bail Reform Act, a "crime of violence." The Court does not find that there is a substantial likelihood that a motion for acquittal or new trial will be granted. 18 U.S.C. § 3143(a)(2)(A)(i). Neither has the Government recommended that no sentence of imprisonment be imposed. 18 U.S.C. § 3143(a)(2)(A)(ii). Therefore, Mr. Haley is not eligible for release pending sentencing and shall remain in custody until his Sentencing Hearing, currently set for January 23, 2025.

### B. Mr. Haley Has Not Shown by Clear and Convincing Evidence that He is Unlikely to Flee or Poses No Danger to the Community.

Even if the Court reached a different conclusion on the "crime of violence" question, Mr. Haley has still not satisfied his burden to show by clear and convincing evidence that he is unlikely to flee and poses no danger to the community under § 3143(a)(1). In his initial briefing before Judge Claxton, Mr. Haley pointed to his compliance with pretrial release conditions, ties to the community, family support, and his substantial bond in his pending state murder charge. (ECF No. 639 at PageID 9612.) At the detention hearing, Mr. Haley offered a record of his state bond amount but no other proof to support the statement he offered in his initial Motion for Release. (Hr'g Tr., ECF No. 659 at PageID 10650.) In his Motion to this Court, Mr. Haley merely repeated the same line he included in his Motion below. (ECF No. 658 at PageID 10637–38.) Importantly, the burden

---

convictions under § 242 can never be considered "crimes of violence" under the Bail Reform Act would, in the Court's view, paint with too broad a stroke. Until there is clearer guidance from a higher court, this Court will look to the type of constitutional deprivation alleged when applying the modified categorical approach.

is not on the Government to make an initial showing (or any showing for that matter) of dangerousness or risk of flight, *United States v. Williams*, No. 20-1413, 2020 WL 4000854, at *1 (6th Cir. July 15, 2020) (quoting *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988)), rather, Mr. Haley is presumed to be dangerous and a flight risk under § 3143(a). As such, it is his burden to overcome that presumption. *Id*. Mr. Haley has not overcome that burden.

*United States v. Vance* is instructive. 851 F.2d at 166. In *Vance*, the Court overturned a district court's order that released a defendant on bond pending appeal. *Id*. Vance was convicted on charges of conspiracy and aiding and abetting transportation of a weapon used to kill a state prosecutor in Florida. *Id*. After sentencing Vance to the maximum term permitted, the district court, over the Government's objection, allowed Vance to remain free on bond pending appeal. *Id*. The Government then sought an expedited appeal that would revoke Vance's release because Vance did not prove by clear and convincing evidence that he was not a danger to others or to the community. *Id*. In support of this release, Vance pointed to the presentence report and letters from the community stating that he was not a danger. *Id.* at 167–68. The Sixth Circuit granted the Government's motion and ordered Vance detained pending his appeal. *Id*. at 168. The court held that mere statements that Vance was an unlikely flight risk and posed no danger to the community were not sufficient to warrant Vance's release.

Here, Mr. Haley relies on his ties to the community, family support, and his compliance with pretrial conditions. He has offered no witnesses or sworn statements to otherwise substantiate his claims. (ECF No. 639), at the detention hearing, (ECF No. 659), or in his Motion for Review in this Court, (ECF No. 658). The Court reads *Vance* as standing for the proposition that persons convicted of crimes must do more than make cursory statements to overcome the presumption against them. Mr. Haley has not done that here. Although Mr. Haley has introduced a record of his

state bond amount, the Court declines to consider it. In the Court's view, that record is immaterial to overcoming the presumption in federal court. The seriousness of the recent convictions in this Court further underscores the potential flight risk. Furthermore, Mr. Haley's argument that detention pending sentencing would be inappropriate because it would increase his future designation within the Bureau of Prisons is likewise immaterial to the Court's analysis. Mr. Haley's compliance with pretrial release conditions is noted, but such compliance is not sufficient on its own to overcome the shifting presumption under § 3143(a). *See United States v. Vance*, No. 5:20-063-DCR, 2023 WL 116331 at*1, *3 (E.D. Ky. Jan. 5, 2023).

Ultimately, the great weight of the evidence against Mr. Haley at trial, the fact that he was convicted of a crime of violence as defined under the Bail Reform Act, and the fact that he was also convicted of obstructing justice and conspiring with his fellow officers to obstruct justice all weigh against Mr. Haley's release. Under these circumstances, Mr. Haley has not met his burden to show that he is unlikely to flee or that he poses no danger to others or to the community.

## CONCLUSION

For these reasons, Mr. Haley will remain in detention pending the imposition of his sentence. Mr. Haley's Motion for Bond Review and Release Pending Sentencing, (ECF No. 658), is **DENIED.**

**IT IS SO ORDERED**, this 27th day of November, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE