IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**UNITED STATES OF AMERICA**

    **Plaintiff,**

vs.                                                      **Case No.: 2:23-cr-20191-MSN**

**EMMITT MARTIN, III,
TADARRIUS BEAN, DEMETRIUS
HALEY, DESMOND MILLS, JR.,
AND JUSTIN SMITH**

    **Defendant.**

---

**MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANT BEAN'S MOTION FOR NEW TRIAL, OR IN THE ALTERNATIVE FOR LEAVE TO FILE INTERLOCUTORY APPEAL**

    **COMES NOW** the Defendant Tadarrius Bean, and respectfully moves that this Court, pursuant to Rule 25(b)(2)(B) and Rule 33(b)(1) of the Federal Rules of Criminal Procedure, order a new trial in the above-styled matter, for the reasons articulated in the body of the memorandum contained herein:

1. Defendant Bean was indicted under four counts: (1) Deprivation of Rights Under Color of Law: Excessive Force and Failure to Intervene, (2) Deprivation of Rights Under Color of Law: Deliberate Indifference, (3) Conspiracy to Witness-Tamper, and (4) Obstruction of Justice: Witness-Tampering.

2. After a lengthy trial in September 2024, Defendant Bean was found not guilty on Counts (1)-(3) and found guilty of only count (4) Obstruction of Justice: Witness Tampering.

3. On or about Wednesday, June 11, 2025, the government filed a sealed motion to continue the sentencing hearings for all defendants. Counsel for all defendants were notified of *ex parte* communication between the Court and members of the government, which has taken place prior to Defendant Bean being sentenced.

4. Said *ex parte* communication has, without doubt, violated Defendant Bean's constitutional right to be present at every critical stage of this criminal proceeding.

5. The content of the *ex parte* communication as outlined in the sealed filing [ECF 846] that was just filed June 13, 2025 at approximately 1:08 pm CDT, shows that the original tral judge

assigned to the case, who has since recused, harbored bias not only against the City of Memphis Police Department, but also against the three (3) Defendants that decided to defend against the accusations at trial.

6. Based on this recent sealed filing, it is abundantly clear the original trial judge harbored beliefs that at least one defendant indicted in this matter was a member of a gang, and that the Memphis Police Department was "infiltrated to the top with gang members." Yet the original trial judge did not disclose said beliefs at any time prior to ruling on pre-trial motions or during the trial and exhibited obvious prejudice throughout these entire proceedings. Further, according to the disclosure, the original trial judge's beliefs were expressed to only one side of the table only days after the trial verdict, and while several post-trial motions were pending before the original judge but again failed to formally disclose his prejudicial views while considering and subsequently ruling on said motions.

7. Defendant Bean asserts that all confidence in the idea of impartiality prior to, during, and after the trial has been eroded, and Defendant Bean does not believe that the previous trial judge was impartial throughout this entire process and does not believe the Court can possess or maintain any form of impartiality in this present matter, violating one of the most sacred right to have a fair and unbiased judge in his criminal case.

8. This is further highlighted by the belief that the original trial judge showed consistent bias against Defendant Bean during pre-trial, during the trial, and post-trial.

9. That for the foregoing reasons, Defendant Bean asserts that fundamental fairness and overwhelming duty to maintain confidence in our judicial system requires that this Court enter an order granting a new trial and respectfully moves that such order be entered forthwith to prevent any further miscarriage of justice.

10. That because this matter has been presented to a jury to determine guilt or innocence, jeopardy attached to counts (1)-(3), and Defendant Bean has a fundamental and protected right against double jeopardy for counts (1)-(3) in this matter, and the Court's order declaring a mistrial should declare the same.

11. In the alternative, should the Court deny Defendant Bean's present motion, Defendant respectfully requests a stay in all other further proceedings and for leave to submit an interlocutory appeal to the United States Sixth Circuit Court of Appeals for review of the present motion.

**MEMORANDUM**

**LAW & ARGUMENT**

**I.    A NEW TRIAL IS WARRANTED BECAUSE THE EX PARTE COMMUNICATIONS FROM THE ORIGINAL TRIAL JUDGE TO THE GOVERNMENT REVEAL BIAS AGAINST THE DEFENDANTS.**

The Court may grant Defendant Bean a new trial if a new trial is "required in the interests of justice." Fed. R. Crim. P. 33(a).

The right to a fair, unbiased judge in Defendant Bean's case has been clearly established as a fundamental right of an accused. *Jackson v. Cool*, 111 F.4th 689, 696 (6th Cir. 2024); *see also Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009). A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a). "He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party […]" 28 U.S.C. §445(b)(1). Recusal is further required when 'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Jackson v. Cool*, 111 F.4th 689, 696 (6th Cir. 2024)(citing *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 872 (2009)). This Court must determine not whether subjective bias exist, but 'whether the average judge in the position is likely to be neutral or whether there is an unconstitutional potential for bias." *Jackson v. Cool*, 111 F.4th 689, 696 (6th Cir. 2024)(quoting *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009)). Not even the harmless-error analysis can remedy judicial bias.

There is a strong disproval of *ex parte* communications in criminal cases, as "giving the government private access to the ear of the court is not only 'a gross breach of the appearance of justice,' but also a 'dangerous procedure.'" *United States v. Carmichael*, 232 F.3d 510, 517 (6th Cir. 2000)(quoting *United States v. Minsky*, 963 F.2d 870, 874 (6th Cir. 1992)). Our Constitution commands that a defendant have representation at every critical stage of his trial. *United States v. Minsky*, 936 F.2d 870, 874 (6th Cir. 1992). It is wholly improper for there to be *ex parte*

communications between the government and the Court about any matter relating to the merits or sentence in the absence of the Defendant or at least his counsel. *Haller v. Robbins*, 409 F.2d 857, 859 (1st Cir. 1969).As the Sixth Circuit suggested in *United States v. Earley*, "*ex parte* communications should be strongly discouraged 'regardless of the propriety of the [C]ourt's motives,' because allowing *ex parte* approaches undermines the confidence in the [C]ourt's impartiality." *United States v. Earley*, 746 F.2d 412, 416 (6th Cir. 1984).

      Defendant Bean has since become aware of *ex parte* communications between the Court and the government. In light of the recent sealed document filed on June 13, 2025 as ECF 846, Defendant Bean asserts that the content of the *ex parte* communication between the Court and members of the government has without question violated Defendant Bean's fundamental constitutional rights. The content of the *ex parte* communication shows the original trial judge harbored deep seeded bias against Defendant Bean and the City of Memphis Police Department. Respectfully, the original trial judge showed consistent bias against Defendant Bean during pre-trial, during the trial, and post-trial. The original trial judge denied several motions that were clothed with sound law, prohibited permissible cross-examination of cooperating witnesses during the trial that unquestionably caused unfair prejudice towards Defendant Bean, and further showed bias by denying post-trial motions without a hearing on the motions. It has been clearly shown that the original trial judge maintained personal bias against the Defendants that was so unfair, that it runs afoul of our basic protected constitutional rights. Such actions only lead to further speculations of other unknown improper communications between the Court and the government, which includes the Court's staff. Fundamental fairness and the need to maintain the public's confidence in our judicial system require that an order be entered declaring a mistrial in this matter, and there is no other remedy that could remotely reassure fundamental fairness and protection of Defendant Bean's constitutional rights. Had the original trial judge even informed the parties of his conceived bias and unsubstantiated beliefs about the Defendants and the City of Memphis Police Department, the Defendants could have

considered the same and moved for a recusal early in this proceeding to prevent any potential bias or miscarriage of justice. Rather, the original trial judge intentionally withheld disclosing these ill-gotten and unsubstantiated beliefs during these entire proceedings and unquestionably held those personal bias against all of the Defendants. There is no other remedy available to Defendant Bean at this stage of the proceedings but to grant a new trial to ensure confidence in our courts' impartiality and rule of law, and to prevent a miscarriage of justice.

## II. DOUBLE JEOPARDY ATTACHES TO COUNTS (1)-(3) AND DEFENDANT BEAN CANNOT BE PLACED IN JEOPARDY OF THE SAME CHARGES AGAIN.

Double Jeopardy provides that the Defendant may not be tried twice for the 'same offence.' *Soto v. Siefker*, 79 F.4th 715, 718 (6th Cir. 2023) (citing U.S. Const. amend V). "Jeopardy attaches to an 'offence' for the purposes of Double Jeopardy Clause, only when a court or jury has power to determine the defendant's guilt or innocence as to that 'offence.' *Soto v. Siefker*, 79 F.4th 715, 717 (6th Cir. 2023). Our courts have clearly established that a new trial applies only to counts for which Defendant Bean was found guilty, see *Benton v. Maryland*, 395 U.S. 784, 796 (1969), but a 'verdict of not guilty, whether rendered by the jury or directed by the trial judge, absolutely shields the defendant from retrial." *Tibbs v. Florida*, 457 U.S. 31, 41 (1982). Because Defendant Bean has already been placed before a jury, jeopardy has attached to the charges for which he was found not guilty. Therefore, should this Court grant his motion for new trial, Defendant Bean affirmatively asserts that he is free from being tried again on those charges, and respectfully requests that the order granting his motion for mistrial further declare this protection.

## CONCLUSION

For the forgoing reasons, Defendant Bean is entitled to a new trial in this matter. There can be no trust in our judicial system if such improper communication and a clearly biased trial judge are allowed. The Court has a duty to ensure that Defendant Bean's rights are protected at every stage of the trial. Should this Court deny Defendant Bean's motion for new trial, Defendant Bean respectfully

requests this matter be stayed entirely, and that he be granted leave to seek an interlocutory appeal before the United States Sixth Circuit Court of Appeals for review.

    For the foregoing reasons, Defendant Bean respectfully prays this Court grants this Motion in this cause.

Respectfully submitted,

/s/ John Keith Perry, Jr.
John Keith Perry, Jr., #24283
5699 Getwell Road. Bldg. G5
Southaven, MS 38672
P: 662-536-6868
JKP@PerryGriffin.com

/s/ Kevin P. Whitmore
Attorney Representative of
LAST CHANCE LAW FIRM PLLC
301 Washington Avenue, Suite 202
Memphis, Tennessee 38103
901-461-1039
whitmore@lastchancelaw.com

/s/ Andre Thomas
GARRETT & THOMAS LAW
295 Washington Avenue, Suite 2
Memphis, Tennessee 38103
901-529-0022
at@andrethomaslaw.com

## CERTIFICATE OF SERVICE

I, John Keith Perry, certify that a true and correct copy of the above and foregoing *Motion and Memorandum in Support of Defendant Bean's Motion to Declare Mistrial, or in the alternative for Leave to File Interlocutory Appeal* unto the following, United States District Attorneys for the Western District of Tennessee, via the Court's electronic filing system, which sent notification of such filing to all counsel of record.

**David Pritchard**
U.S. ATTORNEY'S OFFICE
Federal Building
167 N. Main Ste. 800
Memphis, TN 38103
Email: david.pritchard2@usdoj.gov

**Forrest Christian**
DOJ-CRT
950 Pennsylvania Avenue, NW Building
Room 7116
Washington, DC 20530
Email: Forrest.Christian@usdoj.gov

**Kathryn Gilbert**
DOJ-CRT
950 Pennsylvania Ave NW
Washington, DC 20530
Email: kathryn.gilbert@usdoj.gov

**Elizabeth Jane Rogers**
US ATTORNEY'S OFFICE
167 N. Main Suite 800
Memphis, TN 38103
elizabeth.rogers@usdoj.gov

**Andrew Manns**
DOJ-CRT
150 M Street NE
Washington, DC 20002
andrew.manns@usdoj.gov

**William D. Massey**
MASSEY & MCCLUSKY
3074 East Street
Memphis, TN 38128
Email: masseymccluskylaw@gmail.com

**Stephen R. Leffler**
LAW OFFICE OF STEPHEN R. LEFFLER, P.C.
2670 Union Avenue Ext Suite 819
Memphis, TN 38112
stephenrleffler@yahoo.com

**Michael Stengel**
MICHAEL J. STENGEL, ATTORNEY AT LAW
619 South Cooper Street Memphis, TN 38104
Email: stengel12260@mjspc.com

**Martin W. Zummach**
SPARKMAN ZUMMACH, P.C.
P.O. Box 266 Southaven, MS 38671-0266
Email: martin@sparkman-zummach.com

This the 19th day of June 2025.

/s/ John Keith Perry, Jr.
JOHN KEITH PERRY, JR.