**MICHAEL J. STENGEL**
Lawyer
619 South Cooper Street
Memphis, Tennessee 38104

| Telephone:<br>(901)527-3535 | E-Mail: mstengel@mjspc.com | Direct Fax:<br>(901)302-4867 |
|---|---|---|

June 21, 2025

VIA EMAIL TO: David.pritchard2@usdoj.gov;
Kathryn.gilbert@usdoj.gov; Forrest.christian@usdoj.gov;
Andrew.Manns@usdoj.gov

Mr. David Pritchard
Asst. U.S. Atty.
Odell Horton Federal Building
167 North Main Street, Room 800
Memphis, TN 38103

Ms. Kathryn Gilbert, Special Litigation Counsel
Mr. Andrew Manns, Trial Attorney
950 Pennsylvania Ave., NW
Washington, DC 20530

Mr. Forrest Christian
Deputy Chief
150 M Street NE
Washington, DC 20002

    Re:  <u>United States v. Demetrius Haley</u>,
          WD Tenn. No. 23-20191

Counsel:

    Please consider this the formal request for additional information above and beyond the sealed disclosure filed as R. 846 which I told David was forthcoming.

    Demetrius Haley seeks, pursuant to Fed. R. Crim. P. 16(a)(1)(E)(i); <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny; and Fed. R. Crim. P. 5(f) the following:

    1. The entire investigative file(s) from the Memphis Police Department, Federal Bureau of Investigation, U.S. Marshal's Service and any other law enforcement agency involved in the investigation of the October 8, 2024 auto

      theft, especially aggravated burglary, and attempted murder of Judge Norris' former law clerk referenced in R. 846;[1]
2. A copy of all 302's, notes, memoranda, or other documentation of Judge Norris' contacts with, information provided to, and inquiries of law enforcement regarding the investigation(s) referenced above, including the U.S. Department of Justice and any agency thereof;
3. Any and all documentation of the May 30, 2025 meeting Judge Norris had with Interim U.S. Attorney Murphy, Acting First Asst. U.S. Attorney Canale; Criminal Chief Boswell, and FBI ASAC Baker;
4. Full disclosure, regardless of the existence of documentation of Judge Norris May 30, 2025 indication that a defendant(s) in this case were members of a gang and the gang was responsible for the law clerk's shooting;
5. Full disclosure, regardless of the existence of documentation of Judge Norris May 30, 2025 indication that the intended target of the shooting was a former female law clerk who lived at the residence;
6. Full disclosure of the "conversations with Judge Norris regarding the shooting of his law clerk" referenced in the first sentence of R. 846, paragraph 3 including, but not limited to, the participants, dates, and information conveyed by Judge Norris;
7. Full disclosure, regardless of the existence of documentation of the post October 8, 2024 comment Judge Norris made to (apparently Criminal Chief Beth Boswell[2]) that he declined/refused to cooperate in the Memphis Police Department investigation into the shooting because "MPD is 'infiltrated to the top with gang members'" including date, context, and relationship to any case whether pending or closed;
8. Any and all information disclosed to counsel for Emmitt Martin, Tadarrius Bean, Desmond Mills, and/or Justin Smith in conjunction with R. 846.

    Thank you for your consideration. This information is necessary for Demetrius Haley to determine whether an additional factual and legal basis exists to seek a new trial herein.

---

[1] The undersigned are aware that such files are not currently maintained and available in the routine course of business.
[2] See, R. 846 paragraph 6

                                      Sincerely,

                                      S/Michael J. Stengel

                                      S/Stephen R. Leffler

cc:   Demetrius Haley