IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 2:23-cr-20191-MSN |
| ) | |
| ) | |
| DEMETRIUS HALEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT HALEY'S MOTION FOR BOND**

The United States respectfully submits its opposition to defendant Demetrius Haley's motion for bond. The statutory factors uniformly militate in favor of detention. The evidentiary record presented at trial and the guilty verdicts returned by the jury both support defendant Haley's continued detention pending any retrial, appeal, or sentencing.

## BACKGROUND

Defendant Haley and four other Scorpion Team 1 officers with the Memphis Police Department—Emmitt Martin III, Desmond Mills, Jr., Tadarrius Bean, and Justin Smith—were charged with civil rights, conspiracy, and obstruction offenses arising out of the arrest of Tyre Nichols on January 7, 2023. (ECF No. 2). Defendants Mills and Martin subsequently entered guilty pleas. (ECF Nos. 92 and 500). Defendants Haley, Smith, and Bean proceeded to trial and a jury returned verdicts finding Haley guilty on four counts and Smith and Bean guilty on a single count. (ECF No. 627).

Following their convictions at trial, Defendants Haley, Smith, and Bean filed motions

seeking a new trial based on reported post-trial *ex parte* communications made by the trial judge. On August 28, 2025, the Court granted the defendants' motions for a new trial. (ECF No. 919). The Court found "not a single example" of judicial bias in any rulings before or during trial but ordered a new trial to satisfy the appearance of justice. (ECF No. 919 at 2).

## LAW AND ARGUMENT

Defendant Haley maintains that he is entitled to review of the detention order under 18 U.S.C. § 3142 "since he is presumed innocent and awaiting trial." (ECF No. 921 at 1). Defendant Haley further notes that, following his indictment, he was released on an unsecured bond and was fully compliant with the conditions of his release. *Id.* at 2.

In the time that has passed since defendant Haley's pretrial release on bond, however, the government has presented its case at trial and secured the defendant's conviction on four counts, carrying a total maximum sentence of sixty years in prison. As a result, the government now can rely on an extensive trial record to support its position that defendant Haley should be detained. This Court, meanwhile, can rely on, *inter alia*, the jury's guilty verdict to find that there is sufficient evidence to warrant defendant Haley's continued detention.

18 U.S.C. § 3142 provides for detention for defendant Haley because there is no combination of conditions that will reasonably assure his appearance for future court proceedings and assure the safety of other persons and the community. 18 U.S.C. § 3142(f). Defendant Haley was charged with using excessive force in violation of 18 U.S.C. § 242, a crime of violence. *See* ECF No. 681 (United States' Resp. to Def. Haley's Motion for Review of Detention Order) at 3–17 & Ex. 1 (Tr. Det. Hearing) (finding that Count One constitutes a "crime of violence"). In addition, following defendant Haley's conviction at trial on four charges, he faces a maximum sentence of sixty years in prison. Having been convicted once, and knowing precisely what risks

he faces in terms of a lengthy potential sentence, Haley now poses a heightened risk of flight. The government accordingly moves, pursuant to sections 3142(f)(1) and (2), for defendant Haley's continued detention pending any retrial, appeal, or sentencing.

18 U.S.C. § 3142(g) provides the four factors the Court should consider in weighing this request. Turning to the first factor, the nature and circumstances of the offense charged, the government charged defendant Haley with, among other offenses, a crime of violence as set forth in Count 1. The indictment alleges that, while on duty as a police officer, defendant Haley used excessive force, exhibited deliberate indifference to his victim's serious medical needs, conspired to cover up his criminal conduct, and tampered with witnesses. Evidence at trial established that defendant Haley kicked Mr. Nichols in the head just after encouraging his fellow officers to "beat that man." As Mr. Nichols began to lose consciousness and struggled to breathe, defendant Haley failed to provide critical information about the beating to first responders and instead took a picture of Nichols on his cellphone and sent it to numerous friends and former romantic partners. After the offense, even as defendant Haley laughed and joked on the scene about the beating he and his co-defendants inflicted, he lied to his supervisor and the report-writer about his own and others' uses of force. Then defendant Haley perpetrated a cover-up conspiracy in an effort to get away with his misconduct. Defendant Haley committed all of these acts despite his obligations and training as a sworn law enforcement officer. The nature and circumstances of these offenses—violent crime and obstruction of justice—warrant detention.

For the second factor under § 3142, the weight of the evidence against defendant Haley is overwhelming. The jury found that the government proved beyond a reasonable doubt that defendant Haley committed the above-described offenses. The record from a nearly month-long trial offers ample evidence to support detention. It includes video and eyewitness testimony

capturing the defendant committing a violent crime and extensive evidence detailing his efforts to cover up his criminal conduct. As the Sixth Circuit has recognized, where a jury has already found a defendant guilty, that factual determination regarding the weight of the evidence heavily favors detention. *United States v. Gray*, 20 F. App'x 473, 474, 2001 WL 1176408 *1 (6th Cir. 2001).

Third, the defendant's history and characteristics warrant detention. The trial record establishes that defendant Haley, while serving as a police officer, used excessive force on Tyre Nichols and other arrestees, conspired to obstruct justice, and tampered with witnesses. For example, the evidence at trial included video and witness testimony detailing defendant Haley's unjustified assaults against three other arrestees. Defendant Haley's repeated violent conduct, and his willingness to abuse his police powers to obstruct criminal investigations, demonstrate that he will flout his conditions of release, just as he flouted the law, his sworn duties, MPD policy, and his pledge to uphold the law. That is especially so where, as here, defendant Haley is facing the prospect of retrial, having already been found guilty once.

Fourth, defendant Haley poses a danger to the community if he is released. Defendant Haley watched his fellow police officers and community members testify against him at trial. After hearing this testimony, a jury found defendant Haley guilty of, among other offenses, conspiracy to obstruct justice and witness-tampering. The risk that defendant Haley will engage in similar criminal conduct in anticipation of a retrial is too great to permit his release from custody.

Finally, the government notes that 18 U.S.C. § 3731 provides for an appeal from an order granting a new trial after a verdict. *See Gray*, 20 F. App'x at 474, 2001 WL 1176408 at *1 (affirming the district court's order denial of defendant's motion for release pending his new trial). The appeal in all such cases shall be taken within thirty days after the Court's order. *Id.* Releasing defendant Haley now would be premature because a successful appeal would restore the jury's

4

verdict and return this matter for sentencing.

## CONCLUSION

The government opposes defendant Haley's motion for bond. The defendant's conviction at trial and sentencing exposure of sixty years in prison present a heightened risk of flight. The trial record in this case shows that the factors enumerated in 18 U.S.C. § 3142 warrant his continued detention.

        Respectfully submitted,

        JOSEPH C. MURPHY, JR.
        Interim United States Attorney

By:    KAREN HARTRIDGE
        Assistant United States Attorney
        167 N. Main Street, Ste. 800
        Memphis, TN 38103

        HARMEET K. DHILLON
        Assistant Attorney General
        Civil Rights Division
        U.S. Department of Justice

        /s/ Forrest Christian
        Forrest Christian
        Deputy Chief
        Kathryn E. Gilbert
        Special Litigation Counsel
        Andrew Manns
        Trial Attorney
        Civil Rights Division
        950 Pennsylvania Ave., NW
        Washington, DC 20530
        (202) 616-2430

## CERTIFICATE OF SERVICE

I, Forrest Christian, hereby certify that on the date below, I electronically filed the foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File System which sent notification of said filing to defense counsel.

s/Forrest Christian
FORREST CHRISTIAN
September 9, 2025
